IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

DIVX, LLC, a Delaware limited
liability company,

              Plaintiff,

    v.

HULU, LLC, a Delaware limited
liability company,

              Defendant.

Case No. 2:19-cv-1606 (PSG)(DFMx)

**STIPULATED PROTECTIVE ORDER**

HULU, LLC, a Delaware limited
liability company,

              Counterclaimant,

    v.

DIVX, LLC, a Delaware limited
liability company,

              Counterclaim-Defendant.

1.    A.    <u>PURPOSES AND LIMITATIONS</u>

      Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited

information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.     GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, source code and technical documentation, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.    DEFINITIONS

2.1     <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.3     <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery requests as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.5     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: extremely sensitive "Confidential Information or Items" representing or containing proprietary non-opensource or non-public domain computer code, build environment,

and associated comments and revision histories, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9 <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are employed by a law firm which has appeared on behalf of that party; as well as staff of such counsel to whom it is reasonably necessary to disclose or allow access to Protected Material for this litigation.

2.12 <u>Party</u>: any party to this action, including all of its officers, directors, and employees (and their respective support staffs).

2.13 "<u>Patents-in-Suit</u>" means U.S. Patent Nos. 7,295,673; 8,139,651; 8,472,792; 9,270,720; 9,998,515; 10,212,486; and 10,225,588.

2.14 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

3.1   The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.   However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

3.2   Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared or was involved in the preparation of the Protected Material.

3.3   Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.   Any use of Protected Material at trial shall be governed by the orders of the trial judge. This order does not govern the use of Protected Material at trial.

3.4    This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, and except as otherwise provided in this Order (see, e.g., Section 9(f) below), the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., section 5.2(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial

proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains Protected Material.

(b) <u>for testimony given in deposition</u>, that the Designating Party either (1) identify on the record or (2) identify, in writing, within 21 days of receipt of the final transcript, that the transcript shall be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

The use of a document as an exhibit at a deposition or other pretrial or trial proceedings shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material.  Any transcript that was not designated on the record pursuant to the first paragraph of section 5.2(b) above shall be treated during the 21-day period for designation as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety.  After the expiration of that period or as of such earlier time that such transcript is designated, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

STIPULATED PROTECTIVE ORDER

5.3    <u>Inadvertent Failures to Designate</u>.  An inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material.  Upon correction of a designation, the Receiving Party must make all reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>.    Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    <u>Meet and Confer</u>.  All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party, as well as up to four (4) employees of said Experts, to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff,

(f) professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary, with the consent of the Designating Party or as ordered by the Court;

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) of the Receiving Party, as well as up to four (4) employees of said Experts, (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) for Experts only, as to whom the procedures set forth in Section 7.5(a), below, have been followed;

(c) the Court and its personnel;

(d) court reporters and their staff,

(e) professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.4    <u>Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.5(a), below, have been followed;

(c) the Court and its personnel;

(d) court reporters and their staff,

Case No. 2:19-cv-1606 (PSG)(DFMx)
STIPULATED PROTECTIVE ORDER

(e) professional jury or trial consultants (but not mock jurors), and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.5    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to Sections 7.3 and 7.4 first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years and the party to the litigation for whom such work was done, (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years, and (6) identifies any patents or patent applications in which the Expert is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest. With regard to the information sought through part (6) of this disclosure, if the Expert

believes any of this information is subject to a confidentiality obligation to a third party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement. Notwithstanding anything to the contrary in this paragraph, the up to four (4) employees of any Expert do not need to be disclosed.

(b)  A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within ten days of delivering the request (the "Objection Period"), the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.  The Parties shall work in good faith to agree to longer or shorter Objection Periods if deadlines in the case so require.  For the avoidance of doubt, absent written consent of the Designating Party, the Party may not share Protected Material with the identified Expert until either the expiration of the Objection Period without written objection or until the Court resolves the objection.

(c)  A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within ten (10) days of the written objection.  If the dispute is not resolved, the Party making the disclosure will have ten (10) days from the date of the meet and confer to seek relief from the Court, unless superseded by the applicable discovery dispute resolution procedures of any Judge or Magistrate Judge presiding over such dispute. If relief is not sought from the Court within that time, the request for disclosure shall be deemed withdrawn.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

Case No. 2:19-cv-1606 (PSG)(DFMx)
STIPULATED PROTECTIVE ORDER

8.     <u>PROSECUTION BAR</u>

Absent the written consent of the Designating Party, any person who receives materials designated by another Party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" ("Barred Person") shall not be involved in any of the following activities: (i) preparing, prosecuting, supervising, or otherwise assisting in the preparation or prosecution of any patent application related by claim of priority to any of the Patents-in-Suit or patents relating to the field of the invention of the Patents-in-Suit, including but not limited to such patents assigned to DivX, Hulu, or Fortress; (ii) amending any claim of any of the Patents-in-Suit or patents relating to the field of the invention of the Patents-in-Suit, including but not limited to such patents assigned to DivX, Hulu, or Fortress; and (iii) advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patent applications relating to the field of the invention of the Patents-in-Suit, including but not limited to such patents assigned to DivX, Hulu, or Fortress. This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected person and shall end one (1) year after final disposition of this action, as defined in Section 15.

These prohibitions are not intended to and shall not preclude counsel from participating in proceedings on behalf of a Party challenging or defending the validity of any patent, including, but not limited to, as part of any reexamination, inter partes review, reissue proceedings, or any other post-grant review proceeding. Barred Persons (including counsel of record for the Receiving Party and any person that reviews materials designated by another Party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE") may not participate, directly or indirectly, in drafting, amending, or altering the

language of any patent claim(s) in any such proceeding. Nothing in this Protective Order shall prevent any attorney from sending Prior Art to persons involved in prosecuting patent applications for purposes of ensuring that such Prior Art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) in compliance with any duty of candor. Nothing in this paragraph shall prohibit any attorney of record in this litigation from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation. This Prosecution Bar applies to each individual reviewing the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or HIGHLY CONFIDENTIAL – SOURCE CODE" material and does not impute to the law firm, institution, or company who employs the individual.

9.    SOURCE CODE

(a)    To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or includes extremely sensitive "Confidential Information or Items" representing or containing proprietary non-opensource or non-public domain computer code and associated comments and revision histories, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

(b)    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth in Section 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" information may be disclosed, as set forth in Section 7.4.

(c)    Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours (9:00 am to 5:00 pm local time) or at other mutually agreeable

times, at an office of the Producing Party's Counsel in California, or another mutually agreed upon location. Regarding source code format, source code shall be made available for inspection in a readable format (including, if applicable, the non-obfuscated format prior to any pre- and post-processing), as it is normally kept in the ordinary course of business. The computer containing source code will be made available upon reasonable notice to the Producing Party, which shall not be less than fourteen (14) days' notice prior to the first requested inspection and, seven (7) business days' notice in advance of any additional inspections. The Producing Party will attempt in good faith to make source code available for review on a shorter notice timeline where reasonably practicable, and in view of case deadlines. The source code shall be made available for inspection on a secured computer in a room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  Representatives of the Producing Party may monitor the review such that the Producing Party is not able to hear any normal volume discussions among the Receiving Party's representatives, or view what specific portions of the Source Code Material that the Receiving Party's representative is inspecting. All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the secured room to view the Source Code and when they enter and depart.

(d)     The Producing Party will, upon request, provide a secure breakout room for the Receiving Party's representatives to use during the inspection where computers, cell phones, and other electronics are permitted.

(e)     The Producing Party will, upon request by the Receiving Party, provide up to three (3) paper copies of limited portions of source code (with each portion no greater than 20 consecutive pages and with no more than 300 pages total), and shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in Section 9(c) in the first instance. The Parties agree

to meet and confer after Hulu's code is produced and submit an amendment to this Order relating to page printing limits. Using the software available on the Source Code Computer, the Receiving Party shall create PDFs of the printed copies the Receiving Party is requesting and save them in a folder on the desktop of the Source Code Computer named "Print Requests" with a subfolder identifying the date of the request.  The PDF printouts must include identifying information including the full file path and file name, page number, line numbers, and date of printing.  The request for printed Source Code shall be served via an email request identifying the subfolders of the "Print Requests" folder that the Receiving Party is requesting.  Within five (5) business days of such request, the Producing Party shall provide one copy of all such source code on watermarked or colored paper including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE."  If the request is served after 5:00 pm Pacific Time, it shall be deemed served the following business day.  The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure set forth in Section 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.  The Parties agree to discuss whether any numerical limits on the total pages of Source Code or total consecutive pages of Source Code printed may be appropriate to the extent the Receiving party reasonably requests additional pages.  Notwithstanding anything to the contrary in this paragraph, upon request of the Receiving Party, the Parties agree to meet and confer in good faith regarding any exceptions in a specific instance to the numerical limits on the pages of Source Code that may be printed.

(f)     In instances where materials designated "HIGHLY CONFIDENTIAL – SOURCE CODE" are commingled with "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials in a source code repository with version control (including but not limited to GitHub, Apache Subversion, Perforce, AWS CodeCommit, or CVS Version Control), a

-16-

software development kit, or other installable package, the Producing Party may produce all such commingled materials on a source code review computer, provided that any requests to print non-source code materials do not count toward the presumptive paper copy printing limits in Section 9(e). In addition, the Producing Party will, upon request by the Receiving Party, electronically produce commingled materials properly designated as "CONFIDENTIAL," and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in their native format, with any source code redacted.

(g)     The Receiving Party shall maintain a log of all paper copies of the Source Code.  The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  Upon five (5) business days' advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.  The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area.  To the extent a deposition is likely to involve source code, the Party taking the deposition shall provide at least two days written notice of that fact, and the Producing Party may make a source code computer available at the deposition, minimizing the need for additional paper copies of source code, including upon request of the Receiving Party.  The Parties agree to meet and confer after Hulu's code is available for review regarding source code computer availability at depositions upon the request of the Receiving Party. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other individual.  Notwithstanding anything to the contrary in this paragraph, the Receiving Party may request additional paper copies of the printed source code which shall not be unreasonably withheld. Any disputes relating to such additional copies shall be handled in accordance with Section 9(e).

(h)     Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code). Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers except to the extent permitted herein.  The Receiving Party may create an electronic copy or image of limited excerpts of Source Code in a pleading, court filing, expert report, trial exhibit, demonstrative, deposition exhibit/transcript, and drafts of these documents. Such excerpts shall in no instance comprise more than 150 consecutive lines of Source Code. The Parties agree to meet and confer after Hulu's code is produced and submit an amendment to this Order relating to limits on consecutive lines of code. The Receiving Party may create an electronic image of a selected portion of the Source Code only when the electronic file containing such image ("Source Code File") has been encrypted using commercially reasonable software (specifically Microsoft Word Document Protect, 7Zip, or other software agreed upon by the Parties in writing) provided, however, that (i) transitory images, such as images temporarily saved to the clipboard during copy/paste operations, do not need to be so encrypted, and (ii) filings with the Court shall not be encrypted.  The Receiving Party shall not transmit any Source Code Files using email, nor shall the Receiving Party store any Source Code Files on any handheld devices, such as smartphones.  Any transmission of electronically-stored Source Code Files, apart from filing with the Court, shall be via secure FTP or password-protected media.  Copies of Source Code Files shall be deleted immediately from any media used for purposes of transfer after transfer is complete.  The Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants,

Case No. 2:19-cv-1606 (PSG)(DFMx)

STIPULATED PROTECTIVE ORDER

including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored, to the extent any electronic copies are stored outside of the law offices of Outside Counsel of Record for the Receiving Party. Such log need not include the names of any attorneys or staff of Outside Counsel of Record for the Receiving Party. Notwithstanding anything to the contrary in this paragraph, upon request of the Receiving Party, the Parties agree to meet and confer in good faith regarding any exceptions in a specific instance to the numerical limits on the total consecutive lines of limited excerpts of Source Code.

The communication and/or disclosure of electronic files containing any portion of Source Code shall at all times be limited to individuals who are expressly authorized to view Source Code under the provisions of this Protective Order.  Any electronic copies of any portions of source code (or documents containing said portions of source code) must be labeled "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" as provided for in this Order.  A party seeking to file with the court documents containing excerpts of Source Code as permitted by this subparagraph must file an Application for Leave to File Under Seal under the provisions of Local Rule 79-5 or 79-6, as applicable.

(i)     The Producing Party shall install approved tools provided by Receiving Party that are sufficient for reviewing and searching the code produced. The Receiving Party's Outside Counsel and/or experts/consultants may request that commercially available software tools for viewing and searching Source Code be installed on the Source Code Computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools and (b) the Producing Party approves such software tools, which approval shall not be unreasonably withheld; the Producing Party will approve the use of software tools that are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein, including but not limited to each of the

-19-

following tools: a text editor capable of printing out source code with filename, page and line number, a source-code comparison tool such as a "diff" tool (e.g., Winmerge), and a multi-text file search tool (e.g., Notepad++, Visual Studio, grep, PowerGrep). The Producing Party shall approve reasonable requests for additional commercially available software tools. The Receiving Party must provide the Producing Party with the CD, DVD, file path, or Advanced Package Tool package containing such licensed software tool(s) at least four (4) business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer. The Producing Party shall make reasonable attempts to install the requested software but will not be held responsible for the proper setup, functioning, or support of any software requested by the Receiving Party. By way of example, the Producing Party will not compile to machine language or debug software for installation.

(j)     No electronic recordable media or recordable devices, including, without limitation, sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

(k)     The Receiving Party's Outside Counsel and/or experts/consultants shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes. The Receiving Party's Outside Counsel and/or experts/consultants may take electronic notes using an application on the Source Code Computer. Any such notes shall not include copies or reproductions of portions of the source code; however, the notes may contain module names, class names, parameter names, variable names, function names, method names, procedure names, or line numbers typed by the note-taker. The note-taker may copy-and-paste or use short cuts to record filenames and directory names into his or her notes. The Producing Party shall print such notes from the Source Code Computer upon request by the Receiving Party. The Receiving Party shall have the ability to delete its

electronic notes from the Source Code Computer. The Producing Party shall not delete the Receiving Party's electronic notes from the Source Code Computer. The limits on source code printing set forth in this Order shall not apply to printing such notes.

Each Producing Party may designate one individual to examine a source code reviewer's notes ("Source Code Notes") at the end of each review day ("Notes Examiner"). The Notes Examiner may not have any other involvement with this matter or any parallel proceedings such as *inter partes* review or post-grant proceedings, and may examine Source Code Notes solely for the purpose of determining compliance with this protective order. The Notes Examiner may not discuss any aspect of the Source Code Notes with the Producing Party, or any affiliate or representative of the Producing Party, save to disclose the Notes Examiner's belief that a violation of the protective order has occurred and the basis for that belief. To the extent the Producing Party claims a violation of the protective order arising from the Notes Examiner's review of Source Code Notes and the claim cannot be resolved by the Parties, the Receiving Party shall not have an automatic right to production or receipt of Source Code Notes, but may request in camera inspection of the Source Code Notes by the Court for a determination of whether a protective order violation has occurred and for appropriate relief, in the Court's discretion.

(l) The Receiving Party's Outside Counsel and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.

(m) For "HIGHLY CONFIDENTIAL – SOURCE CODE" material designated by a Producing Party, such source code shall be shipped by each Party in a manner consistent with how each Party ships its own "HIGHLY CONFIDENTIAL – SOURCE CODE" material.

Case No. 2:19-cv-1606 (PSG)(DFMx)
STIPULATED PROTECTIVE ORDER

10. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

10.1   If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

10.2   The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f).

11. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

-22-

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; and

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested.

(c)     If the Non-Party fails to object or seek a protective order from this court within ten days after receiving the notice and accompanying information (unless a different period of time is specified by a contract or agreement involving the Producing Party and the Non-Party covering the confidentiality and/or disclosure of the information requested), the Producing Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely objects or seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.

12.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13. <u>PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). A Producing Party may assert privilege or protection over produced documents at any time by notifying the Receiving Party in writing of the assertion of privilege or protection.  In addition, information that contains privileged matter or attorney work product shall be returned or destroyed immediately by the Receiving Party if such information appears on its face to have been inadvertently produced or if requested. After being notified, a Receiving Party must promptly return or destroy the specified information until the claim is resolved.

Pursuant to Federal Rule of Evidence 502(d) and (e), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.  For example, the mere production of privilege or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding.

14. <u>MISCELLANEOUS</u>

14.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3   Export Control.  The Protected Material disclosed by the Producing Party may contain technical data subject to export control laws and therefore the release of such technical data to foreign persons or nationals in the United States or elsewhere may be restricted. The Receiving Party shall take measures necessary to ensure compliance with applicable export control laws, including confirming that no unauthorized foreign person has access to such technical data.

No Protected Material may leave the territorial boundaries of the United States of America or Canada.  Without limitation, this prohibition extends to Protected Information (including copies) in physical and electronic form.  The viewing of Protected Information through electronic means outside the territorial limits of the United States of America or Canada is similarly prohibited.  Further, with respect to Defendants' materials designated as "HIGHLY CONFIDENTIAL – SOURCE CODE," such materials may not leave the territorial boundaries of the United States of America.  The restrictions contained within this paragraph may be amended through the express written consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations.  Nothing in this paragraph is intended to remove any obligation that may otherwise exist to produce documents currently located in a foreign country.

14.4   Filing Protected Material.   Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.

14.5   Privilege Logs.   The parties agree that any materials protected from discovery by the attorney-client privilege or the work product doctrine created after March 5, 2019, the date that DivX filed suit, need not be identified on a privilege log under Federal Rule of Civil Procedure 26(b)(5). Any communications among DivX and its litigation counsel that do not involve third parties and are protected from discovery by the attorney-client privilege or the work product doctrine created during DivX's pre-suit investigation for this litigation need not be identified on a privilege log. This includes communications between litigation counsel and retained litigation experts or consultants. DivX will provide the beginning and end dates for DivX's pre-suit investigation. This is without prejudice to Hulu's ability to seek, for good cause, additional information regarding these communications at a later time. The   parties shall exchange initial privilege logs no later than 60 (sixty) days after completing production in response to Email Production Requests as defined in the Order Governing The Production of Electronically Stored Information, and in no event later than three months before the close of fact discovery.   Subsequently, parties shall serve supplemental privilege logs promptly upon identification of documents withheld or redacted on the basis of privilege, attorney work product, or similar doctrines.

14.6   Computation of time.   The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

15.   FINAL DISPOSITION

Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United States if applicable.

Within 60 days after the final disposition of this action, as defined herein, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material, with the exception of paper copies of source code.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**SO ORDERED** this 22nd day of April, 2020.

_____

HONORABLE DOUGLAS F. McCORMICK
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *DivX, LLC v. Hulu, LLC*, Case No. 2:19-cv-1606 (PSG)(DFMx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]