MARY (MINDY) V. SOOTER
(*pro hac vice*)
Mindy.Sooter@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Telephone:   (720) 274-3135
Facsimile:   (720) 274-3133

JAMES M. DOWD (SBN 259578)
James.Dowd@wilmerhale.com
JASON F. CHOY (SBN 277583)
Jason.Choy@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA  90071
Telephone:   (213) 443-5300
Facsimile:   (213) 443-5400

Attorneys for Defendant and
Counterclaimant *Hulu, LLC*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIVX, LLC, a Delaware limited liability company,<br><br>　　　　　Plaintiff,<br>　vs.<br>HULU, LLC, a Delaware limited liability company,<br><br>　　　　　Defendant. | CASE NO. 2:19-cv-01606 PSG(DFMx)<br><br>**DEFENDANT HULU LLC'S CORRECTED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY PENDING *INTER PARTES* REVIEW** |
| HULU, LLC, a Delaware limited liability company,<br><br>　　　　　Counterclaimant,<br>　vs.<br>DIVX, LLC, a Delaware limited liability company<br><br>　　　　　Counterclaim-Defendant. | Date: May 18, 2020<br>Time: 8:30 a.m.<br>Judge: Hon. Philip S. Gutierrez<br>Room: 6A<br><br>Complaint Filed: March 5, 2019 |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................... 1

II. FACTUAL BACKGROUND ................................................................................... 1

    A. The Case Is In Its Early Stages ............................................................... 1

    B. The IPRs Challenge Six Of The Seven Patents In This Action, Likely Affecting Claim Construction And Invalidity Issues ................. 3

III. LEGAL STANDARD .............................................................................................. 4

    A. *Inter Partes* Review Proceedings Efficiently Evaluate Validity ............ 4

    B. Courts Have The Authority To Stay Patent Litigation Pending IPR Proceedings, And Routinely Do So ........................................................ 4

IV. LEGAL ARGUMENT ............................................................................................. 5

    A. A Stay Is Appropriate Given The Early Stage Of This Litigation ......... 5

    B. A Stay Of This Action Will Simplify The Issues And Reduce The Burden On This Court And Parties ......................................................... 7

    C. A Stay Would Not Cause DivX Any Undue Prejudice ....................... 10

V. CONCLUSION ...................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Autoalert, Inc. v. Dominion Dealer Solutions, LLC*,
   No. SACV 12-1661-JST, 2013 WL 8014977 (C.D. Cal.
   May 22, 2013) .................................................................................................. 8, 12

*Game & Tech. Co. Ltd. v. Riot Games, Inc.*,
   Case No. CV 16-06486-BRO (SK), 2016 WL 9114147 (C.D. Cal.
   Nov. 4, 2016) ................................................................................................ 9, 10, 11

*Kaneka Corp. v. SKC Kolon PI, Inc.*,
   No. CV 11-3397 JGB, 2014 WL 12673678 (C.D. Cal. Dec. 5, 2014) ................. 10

*Limestone v. Micron Tech.*,
   No. SA CV 15-0278-DOC (RNBx), 2016 WL 3598109 (C.D. Cal.
   Jan. 12, 2016) ...................................................................................................... 8, 9

*Locata LBS, LLC v. Yellowpages.com, LLC*,
   No. CV 13-7664 JAK, 2014 WL 8103949 (C.D. Cal. July 11, 2014) .................... 7

*Lodge Mfg. Co. v. Gibson Overseas, Inc.*,
   No. CV 18-8085 PSG (C.D. Cal. Sept. 24, 2019) (Gutierrez, J.) ................. *passim*

*Nichia Corp. v. Vizio, Inc.*,
   No. SACV 18-00362 AG, 2018 WL 2448098 (C.D. Cal.
   May 21, 2018) ..................................................................................................... 5, 11

*PersonalWeb Techs., LLC v. Apple, Inc.*,
   69 F. Supp. 3d 1022 (N.D. Cal. 2014) .................................................................. 10

*PersonalWeb Techs., LLC v. Facebook, Inc.*,
   No. 5:13-CV-01356-EJC, 2014 WL 116340 (N.D. Cal.
   Jan. 13, 2014) ....................................................................................................... 4, 7

*Pi-Net Int'l, Inc. v. Hertz. Corp.*,
   No. CVC 12-10012 PSG JEMX, 2013 WL 7158011, (C.D. Cal,
   June 5, 2013) .................................................................................................. 5, 10, 12

*Pulse Elecs., Inc. v. U.D. Elec. Corp.*,
  No. 3:18-cv-00373-BEN-WVG, 2018 U.S. Dist. LEXIS 212207
  (S.D. Cal. Dec. 17, 2018) .................................................................................. 12

*Purecircle USA Inc. v. SweeGen, Inc.*,
  No. SACV181679JVSJDEX, 2019 WL 3220021 (C.D. Cal.
  June 3, 2019) ....................................................................................................... 9

*Software Rights Archive, LLC v. Facebook, Inc.*,
  No. C-12-3970 RMW, 2013 WL 522552 (N.D. Cal. Sept. 17, 2013) ................. 12

*Star Envirotech, Inc. v. Redline Detection, LLC*,
  No. SACV 12–01861 JGB (MLGx), 2013 WL 1716068 (C.D. Cal.
  Apr. 3, 2013) ........................................................................................................ 8

*Tas Energy, Inc. v. San Diego Gas & Elec. Co.*,
  No. 12cv2777-GPC (BGS), 2014 WL 794215 (S.D. Cal.
  Feb. 26, 2014) ................................................................................................ 7, 12

*TeleSign Corp. v. Twilio, Inc.*,
  No. CV 15-3240 PSG (SSX), 2016 WL 682111 (C.D. Cal.
  Mar. 9, 2016) (Gutierrez, J.) ........................................................................*passim*

*Tire Hanger Corp. v. My Car Guy Concierge Servs.*,
  No. 5:14-CV-00549-ODW, 2015 WL 857888 (C.D. Cal.
  Feb. 27, 2015) .................................................................................................. 6, 8

*Uniloc USA Inc v. LG Elecs. U.S.A. Inc.*,
  No. 18-cv-06737-JST, 2019 WL 1905161 (N.D. Cal. Apr. 29, 2019) ............... 11

*Winterborne, Inc. v. Seagate Tech., LLC*,
  SACV 12-0456 AG (RNBx), 2012 WL 12887833 (C.D. Cal.
  Dec. 3, 2012) ....................................................................................................... 7

*Wonderland Nursery Goods Co., Ltd. v. Baby Trend, Inc.*,
  No. EDCV 14-01153-VAP, 2015 WL 1809309 (C.D. Cal.
  Apr. 20, 2015) ...................................................................................................... 4

**Statutes**

35 U.S.C. § 6 ............................................................................................................. 4

35 U.S.C. § 101 ......................................................................................................... 1

- iii -
CORR. MEMO OF P&AS ISO HULU'S MOTION TO STAY PENDING *INTER PARTES* REVIEW
CASE NO. 2:19-cv-01606 PSG(DFMx)

35 U.S.C. § 311 ................................................................................................ 4

35 U.S.C. § 314 ................................................................................................ 4

35 U.S.C. § 314(b) ........................................................................................... 9

35 U.S.C. § 315(b) ......................................................................................... 10

35 U.S.C. § 316(a)(11) ..................................................................................... 4

Leahy-Smith America Invents Act ................................................................... 4

**Rules**

Fed. R. Civ. P. 30(b)(6) ............................................................................... 3, 6

## I. INTRODUCTION

Defendant Hulu, LLC ("Hulu") has filed six petitions for *inter partes* review ("IPR"), challenging nearly all of the asserted claims in this action. Hulu thus respectfully moves to stay this litigation pending resolution of those petitions by the Patent Trial and Appeal Board ("PTAB"). A stay will not prejudice either party and could likely avoid the need for costly and unnecessary litigation proceedings, including the discovery phase, particularly given that this case involves seven patents-in-suit asserted in a single action. More specifically, a stay is appropriate because this case is at a juncture where a stay could significantly preserve judicial and party resources before the parties engage in claim construction proceedings, substantial document productions, depositions, expert discovery, and dispositive motion practice. The IPRs are also likely to be dispositive of a significant portion of this case as they cover six out of the seven patents-in-suit involving dozens of claims. Finally, Plaintiff DivX, LLC ("DivX") cannot plausibly contend that it will be prejudiced, in particular because DivX and Hulu are not competitors. Accordingly, Hulu requests that this Court employ its inherent discretion to stay this litigation until the IPR proceedings are resolved.

## II. FACTUAL BACKGROUND

### A. The Case Is In Its Early Stages

On March 5, 2019, DivX initiated this action against Hulu, alleging infringement of U.S. Patent Nos. 7,295,673 (the "'673 patent"), 8,139,651 (the "'651 patent"), 8,472,792 (the "'792 patent"), 9,270,720 (the "'720 patent"), 9,998,515 (the "'515 patent"), 10,212,486 (the "'486 patent"), and 10,225,588 (the "'588 patent") (collectively, "Asserted Patents"). *See* Dkt. 1. On May 30, 2019, Hulu moved to dismiss infringement claims for five of the Asserted Patents based on ineligibility pursuant to 35 U.S.C. § 101, as well as DivX's allegations of pre-suit indirect infringement based on the failure to state a claim. *See* Dkt. 47. The Court granted

the motion in part (*see* Dkt. 58), prompting DivX to file the First Amended Complaint ("FAC") on August 21, 2019 (*see* Dkt. 59). Following another round of briefing on Hulu's motion to dismiss the FAC, which the Court denied (*see* Dkt. 73), Hulu filed an answer and counterclaims on November 22, 2019 (*see* Dkt. 75). DivX filed an answer on November 26, 2019 (*see* Dkt. 77).

The Court conducted the initial Scheduling Conference on January 27, 2020 and subsequently entered an order setting the deadlines for the parties to submit a joint claim construction and prehearing statement for June 11, 2020, simultaneous opening claim construction briefs for July 9, 2020, and simultaneous responsive claim construction briefs for August 6, 2020. Dkt. 82. The Court also set the *Markman* claim construction hearing for August 31, 2020, the pretrial hearing for April 12, 2021, and the trial date for April 27, 2021.[1] *Id.* On January 31, the parties separately agreed via e-mail to serve infringement contentions by February 6, 2020 and invalidity contentions by March 26, 2020, as those deadlines had not yet been entered by the Court. *See* Declaration of Jason Francis Choy ("Choy Decl.") ¶ 3. The Court entered a case management order on February 20, 2020 setting additional deadlines, including September 24, 2020 for the end of fact discovery and December 10, 2020 for filing dispositive motions. Dkt. 87.

This case is still in its initial stages. Motion practice has been limited to Hulu's motions to dismiss. Moreover, each party has served opening sets of written discovery,[2] there has been limited document production, and no depositions have been

---

[1] The order also directed the parties to file a joint stipulation that included proposed dates for all other pretrial dates, as well as "procedures for narrowing the number of asserted claims and prior art grounds in this case," by February 18, 2020. Dkt. 82.

[2] Each party served a set of requests for production and interrogatories on the other party on December 20, 2019. Both parties provided objections and responses on January 21, 2020. DivX served one additional interrogatory on January 29, 2020. Choy Decl. ¶ 4.

(footnote continued)

- 2 -

taken or scheduled.[3] The claim construction hearing is not set to take place until over five months from the current date, and fact discovery is not scheduled to close for over another six months. *See* Dkt. 87 at 4.

### B. The IPRs Challenge Six Of The Seven Patents In This Action, Likely Affecting Claim Construction And Invalidity Issues

Hulu and Netflix, Inc. ("Netflix"), defendant in the related case, have filed IPR petitions on all but one of the patents-in-suit. Three of Hulu's six IPR petitions challenge the validity of every claim asserted against Hulu for those five patents as identified in DivX's infringement contentions served on February 6, 2020. For the '792 and '515 patents, the petition challenges all but one of the asserted claims identified in DivX's infringement contentions. The below chart summarizes the Asserted Patents, the claims asserted for each patent, the claims challenged by Hulu and Netflix in the IPRs, and the petition filing date.

| Patent | Claims Asserted by DivX | Claims Challenged by Hulu | Date of Petition |
|---|---|---|---|
| 7,295,673 (IPR2020-00614) | 29 | 1-20 | February 29, 2020 |
| 8,139,651 (IPR2020-00052) | 1, 2, 17-19 | 1, 2, 4, 17-19 | October 18, 2019 |
| 8,472,792 (IPR2020-00646) | 1, 5, 8-9, 14-16, 18, 21-23 | 1, 5, 8-9, 13-15, 18, and 21-23 | March 6, 2020 |
| 9,270,720 (IPR2020-00647) | 1-5, 12 | 1-5, 12 | March 11, 2020 |
| 9,998,515 (IPR2020-00648) | 1-4, 6, 8, 10, 13, 14, 16-19 | 1-6, 8-10, 13-14, 16, 17, 19 | March 11, 2020 |
| 10,225,588 (IPR2020-00588) | 1-10, 12-21, 23-24 | 1-24 | February 15, 2020 |

---

[3] DivX has served two Rule 30(b)(6) notices and requested a preliminary deposition of a document systems custodian to testify about the types and categories of documents, data, and materials in Hulu's possession, custody or control. Choy Decl. ¶ 5. The parties are meeting and conferring to determine if such information can be more efficiently provided through a different form of discovery, such as an interrogatory, and the proper timing of the response. *Id.* ¶ 5.

- 3 -

## III. LEGAL STANDARD

### A. *Inter Partes* Review Proceedings Efficiently Evaluate Validity

Congress enacted the Leahy-Smith America Invents Act ("AIA") in 2011 to improve and replace the former *inter partes* reexamination procedure with the new *inter parties* review proceeding. *See Wonderland Nursery Goods Co., Ltd. v. Baby Trend, Inc.*, No. EDCV 14-01153-VAP, 2015 WL 1809309, at *1 (C.D. Cal. Apr. 20, 2015). A goal of the new proceeding is "to minimize duplicative efforts by increasing coordination between district court litigation and *inter partes* review." *Id*. The proceeding provides "advantages to the parties and the district court in any corollary civil action," including "a path to receive expert guidance from the [Patent and Trademark Office] under a more accelerated timeline." *PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 5:13-CV-01356-EJC, 2014 WL 116340, at *1-2 (N.D. Cal. Jan. 13, 2014). Review is conducted by a panel of three technically-trained patent judges on the PTAB Board at the Patent Office. *See* 35 U.S.C. §§ 6, 311.

To institute an IPR, the PTAB must determine within three months after receiving a preliminary response to the petition that "there is a reasonable likelihood that the petitioner would prevail with respect to at least [one] of the claims challenged." 35 U.S.C. § 314. The PTAB must issue its final written decision "within one year from the date of institution, absent an extension for good cause." 35 U.S.C. § 316(a)(11). In short, the IPR proceeding provides a "timely, cost-effective alternative to litigation." *TeleSign Corp. v. Twilio, Inc.*, No. CV 15-3240 PSG (SSX), 2016 WL 6821111, at *1 (C.D. Cal. March 9, 2016) (Gutierrez, J.).

### B. Courts Have The Authority To Stay Patent Litigation Pending IPR Proceedings, And Routinely Do So

"Courts have the inherent power to manage their dockets and stay proceedings," including the authority to grant a stay pending conclusion of an IPR. *TeleSign Corp. v. Twilio, Inc.*, No. CV 15-3240 PSG (SSX), 2016 WL 682111, at *2

- 4 -

(C.D. Cal. Mar. 9, 2016) (Gutierrez, J.) (quoting *Ethicon, Inc. v. Quigg*, 842 F.2d 1422, 1426 (Fed. Cir. 1988)).

When deciding if a stay is appropriate, courts consider: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. *See id.* (quoting *Wonderland Nursery Goods*, 2015 WL 1809309, at *2). However, courts should also consider "the totality of the circumstances." *Id.* In addition, "[t]here is a 'liberal policy in favor of granting motions to stay proceedings pending the outcome' of re-examination, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery." *Pi-Net Int'l, Inc. v. Hertz. Corp.*, No. CVC 12-10012 PSG JEMX, 2013 WL 7158011, at *2 (C.D. Cal, June 5, 2013) (Gutierrez, J.).

As such, courts often stay proceedings **before** the PTAB determines whether to institute *inter partes* review given a relatively short delay until those decisions are issued, yet a considerable potential to save judicial and party resources during that interim period. *See, e.g.*, *Lodge Mfg. Co. v. Gibson Overseas, Inc.*, No. CV 18-8085 PSG (GJSx) (C.D. Cal. Sept. 24, 2019) (Gutierrez, J.); *Nichia Corp. v. Vizio, Inc.*, No. SACV 18-00362 AG (KESx), 2018 WL 2448098 (C.D. Cal. May 21, 2018); *TeleSign Corp.*, 2016 WL 682111; *Pi-Net Int'l*, 2013 WL 7158011. Indeed, "courts grant pre-institution stays even when trial has been set." *Lodge*, slip op. at 5. Even if all of the IPRs are not instituted, "the stay will be relatively short and the action can continue with minimal delay." *Telesign*, 2016 WL 6821111, at *3 n.4.

## IV. LEGAL ARGUMENT

### A. A Stay Is Appropriate Given The Early Stage Of This Litigation

This action is still in its infancy. Hulu filed an answer on November 22, 2019 (*see* Dkt. 75) and discovery started recently on December 20, 2019. When faced with

a motion to stay, courts should consider the progress made in the case, such as "the completion of discovery, the setting of a trial date, and whether claim construction has occurred." *Lodge*, slip op. at 4 (citing *Wonderland Nursery Goods*, 2015 WL 1809309, at *2). As of the date of this motion,[4] the close of fact and expert discovery are still respectively over six and nine months away. *See* Dkt. 87 at 4 (non-expert discovery cut-off set for September 24, 2020 and expert discovery cut-off set for December 3, 2020). Claim construction has not yet begun, as the parties have not yet exchanged claim terms to be construed, and claim construction briefs are not due for another four months. *See id.* at 2, 3 (exchange of claim terms scheduled for May 7, 2020 and opening claim construction briefs due July 9, 2020). The parties have also not yet begun (and so the Court has not yet had to resolve) any summary judgment briefing. *See id.* (deadline to file dispositive motions set for December 10, 2020). Although the Court recently set a trial date for April 27, 2021—over a year from now—trial dates often change from what is initially scheduled. The setting of a trial date is not determinative, especially where (as here) other factors weigh in favor of a stay, as "courts grant pre-institution stays even when trial has been set." *Lodge*, slip op. at 5 (collecting cases); *see Tire Hanger Corp. v. My Car Guy Concierge Servs.*, No. 5:14-CV-00549-ODW, 2015 WL 857888 (C.D. Cal. Feb. 27, 2015) (granting stay even though trial date was set and PTAB had not yet instituted IPRs because "[a] substantial amount of work has yet to be done in th[e] case").

In addition, the parties have engaged in very limited discovery. Hulu and DivX each served and responded to one set of document requests and interrogatories earlier this year. *See* Choy Decl. ¶ 4. A month later, DivX served an additional interrogatory. *Id.* Although DivX has served two Rule 30(b)(6) deposition notices, DivX has only requested one deposition covering certain topics early within the discovery period to determine the types and categories of materials in Hulu's possession. Choy Decl. ¶ 5.

---

[4] The date of the filing of the motion is stay is the "proper time to measure the stage of the litigation." *TeleSign*, 2016 WL 682111, at *2.

The parties are currently meeting and conferring regarding DivX's request. *Id.* ¶ 5. There have been no discussions among the parties regarding any other depositions. *Id.* ¶ 5.

DivX has also provided a single production consisting of about seventy-six documents, while Hulu has not yet produced any documents. *Id.* ¶ 6. The overwhelming majority of discovery in this case remains, including the completion of claim construction discovery, fact discovery, and expert discovery. A stay is "especially warranted" in cases like this one, "where little or no discovery has been conducted." *See Winterborne, Inc. v. Seagate Tech., LLC*, SACV 12-0456 AG (RNBx), 2012 WL 12887833, at *2 (C.D. Cal. Dec. 3, 2012); *see also Locata LBS, LLC v. Yellowpages.com, LLC*, No. CV 13-7664 JAK, 2014 WL 8103949, at *2-3 (C.D. Cal. July 11, 2014) (finding the stage of proceedings factor to favor stay because parties had exchanged preliminary discovery and preliminary contentions but had not begun expert discovery, so "significant work remain[ed] to be completed").

In fact, courts have stayed cases far more advanced than this one. *See, e.g.*, *PersonalWeb Techs., LLC v. Facebook, Inc.*, Nos. 5:13-CV-01356-EJD, 2014 WL 116340, at *3-4 (finding this factor favored stay even though the parties had fully briefed claim construction); *Tas Energy, Inc. v. San Diego Gas & Elc. Co.*, No. 12cv2777-GPC (BGS), 2014 WL 794215, at *3 (S.D. Cal. Feb. 26, 2014) (granting stay even though "the case is not in its early stages" because a "significant amount of work still remains such as expert discovery, summary judgment motions and trial"). The early stage of this litigation thus weighs in favor of a stay as "there is more work ahead of the parties and the Court than behind." *Lodge*, slip op. at 4 (internal quotations omitted).

### B. A Stay Of This Action Will Simplify The Issues And Reduce The Burden On This Court And Parties

Granting a stay pending resolution of the IPRs could drastically simplify the issues in this case. DivX asserts claims only for patent infringement, and Hulu has

- 7 -

filed petitions challenging all but one of the seven Asserted Patents. Choy Decl. ¶ 7; *see* Dkt. 1. "Waiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with the expert opinion of the USPTO and clarifying the scope of the claims." *Autoalert, Inc. v. Dominion Dealer Solutions, LLC*, No. SACV 12-1661-JST (JPRx), 2013 WL 8014977, at *3 (C.D. Cal. May 22, 2013) (internal quotations and citation omitted). The sheer volume of asserted patents weighs in favor of a stay here because several—likely the majority—of the patents may not need to move forward in litigation at all.

The IPR petitions challenge all of the asserted claims for three of the patents-in-suit and all but one asserted claim for two other patents-in-suit,[5] giving rise to the possibility that those claims would be completely resolved without the need for the Court to construe them.[6] "The assistance of the [Patent and Trademark Office] is particularly helpful when a party has request[ed] . . . review of many claims of the patents-in-suit." *See Limestone v. Micron Tech.*, No. SA CV 15-0278-DOC (RNBx), 2016 WL 3598109, at *4 (C.D. Cal. Jan. 12, 2016). Thus, the IPRs have great potential to dispose of a vast majority of the issues in this case despite not being case-dispositive. *Id.* ("[I]t is well-established that the IPR proceedings need not resolve every single asserted claim."); *Tire Hanger Corp.*, 2015 WL 857888, at *2 ("Although not all asserted claims are subject of the IPR, the IPR [] will at the very least simplify the issues and streamline the litigation by reducing claim construction disputes and minimizing the number that the parties need to address."); *cf. Star Envirotech, Inc. v. Redline Detection, LLC*, No. SACV 12–01861 JGB (MLGx), 2013

---

[5] Hulu has filed IPR petitions challenging all of the asserted claims, and in some cases additional claims, for the '651 patent, the '720 patent, and the '588 patent. Hulu's IPR petitions for the '515 and '792 patents challenge all but one asserted claim.

[6] For one of these patents-in-suit, the '651 patent, the PTAB has already instituted a petition filed by third-party Unified Patents challenging two of the asserted claims. *See United Patents Inc. v. DivX*, LLC, IPR-2019-01379, Paper 17 at 36 (Decision Granting *Inter Partes* Review) (PTAB Feb 10, 2020).

WL 1716068 (C.D. Cal. Apr. 3, 2013) (finding this factor weighed in favor of stay even though the complaint asserted other non-patent infringement claims). A stay at this stage of the litigation would be particularly prudent given the Court's directive to narrow the case pre-claim construction. *See* Jan. 27, 2020 Hr'g Tr. at 5:12-7:20.

Even when IPR petitions have not yet been instituted by the PTAB, "courts in this District have adopted majority position that . . . the simplification factor may still weigh in favor of a stay." *Purecircle USA Inc. v. SweeGen, Inc.*, No. SACV181679JVSJDEX, 2019 WL 3220021, at *3 (C.D. Cal. June 3, 2019) (collecting cases); *Lodge*, slip op. at 6 (that IPR had not yet granted petition "[did] not inherently mean a stay should be denied"); *TeleSign Corp.*, 2016 WL 6821111, at *3 (same). Should the PTAB decide not to grant the petitions, "the stay will be relatively short and the action can continue with minimal delay." *Game & Tech. Co. Ltd. v. Riot Games, Inc.*, Case No. CV 16-06486-BRO (SK), 2016 WL 9114147, at *3 (C.D. Cal. Nov. 4, 2016) (internal quotation and citation omitted). The institution decisions for all of the IPRs filed will be issued by September, only shortly after the August 31, 2020 claim construction hearing date. 35 U.S.C. § 314(b); *see Limestone*, 2016 WL 3598109, at *4 ("Knowing whether the USPTO will commence inter partes review proceedings will require a relatively short pause in these proceedings, which could result in saving significant, and otherwise unnecessary expenditure of time and resources by the parties and the Court.").

In the unlikely event that the PTAB institutes the IPRs but declines to cancel the claims, the proceedings would still simplify the district court case in a variety of ways. First, Hulu would barred from offering invalidity grounds that it raised or "reasonably could have raised" in the IPR proceeding. *Purecircle*, 2019 WL 3220021, at *3. And second, "the intrinsic record developed during the IPR may inform on issues like claim construction." *Id.*

In short, "[s]ignificant judicial resources will be saved" by staying this case. *Game & Tech. Co. Ltd.*, 2016 WL 9114147 (C.D. Cal. Nov. 4, 2016).

### C. A Stay Would Not Cause DivX Any Undue Prejudice

DivX cannot credibly claim that it would suffer undue prejudice or a clear tactical disadvantage if this Court grants a stay. Undue prejudice requires more than the mere inherent delay of litigation, and instead calls for evidence of "dilatory motives or tactics." *Kaneka Corp. v. SKC Kolon PI, Inc.*, No. CV 11-3397 JGB (RZx), 2014 WL 12673678, at *4 (C.D. Cal. Dec. 5, 2014); *see PersonalWeb Techs., LLC v. Apple, Inc.*, 69 F. Supp. 3d 1022, 1029 (N.D. Cal. 2014) ("Courts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay."); *Pi-Net Int'l*, 2013 WL 7158011, at *4 ("Mere delay in the litigation does not establish undue prejudice."). In evaluating prejudice, courts consider: "(1) the timing of the petition for review; (2) the timing of the request for stay; (3) the status of review proceedings; and (4) the relationship of the parties." *TeleSign*, 2016 WL 6821111, at *4 (quoting *E.Digital Corp. v. Dropcam, Inc.*, No. 14-CV-04922-JST, 2016 WL 658033, at *4 (N.D. Cal. Feb. 18, 2016)).

Hulu has not engaged in any "dilatory tactics" with regards to its timing related to the IPR proceedings. Hulu and Netflix began filing their petitions in October 2019—well within one year after being served with the complaint on March 12, 2019 and shortly after DivX filed its FAC on August 21, 2019—and continued filing the others on a rolling basis through March 11, 2020. *See* Dkts. 1, 24; 35 U.S.C. § 315(b) (a party may not file IPR proceedings more than one year after complaint is served). Moreover, Hulu did not file an answer to the FAC until November 22, 2019. In advance of filing all seven IPR petitions, Hulu met and conferred with DivX regarding a stay on March 3, 2020; DivX confirmed it would oppose a motion to stay on March 13, 2020, and Hulu filed this motion the same day. Choy Decl. ¶ 8. Because Hulu

did not delay in seeking *inter parties* review or moving for a stay from this Court, the first two sub-factors weigh in favor of granting a stay. *Lodge*, slip op. at 7 (granting stay when moving party filed IPR petition well within the statutory period and moved to stay one week after plaintiff confirmed it would not stipulate to a stay). Even when IPR petitions have been submitted near the end of the permissible filing period, courts have held that this fact, "on its own," is not "sufficient to change the ultimate conclusion on this factor or the overall analysis." *Nichia Corp.*, 2018 WL 2448098 at *3; *see Game & Tech. Co.*, 2016 WL 9114147, at *3 (finding no attempt to gain tactical advantage or undue delay, and that the factor favored stay, even though the IPR petitions had been filed "only days before the statutory one-year deadline").

The third sub-factor, which concerns the status of the IPR proceedings, also tilts in favor of a stay. The decision for the petition filed in October is expected in April, and other petition decisions are expected by September—only shortly after the *Markman* hearing currently scheduled for August 31, 2020. *See* Dkt. 87 at 4; *Lodge*, slip op. at 7 (granting stay in similar circumstances). Although any final decision would be expected around August 2021, "courts have been reluctant to find that the IPR delay counsels against a stay absent a specific showing of prejudice beyond the prejudice inherent in a stay."[7] *Lodge,* slip op. at 7 (quoting *TeleSign Corp.*, 2016 WL 6821111, at *4)). Even if this Court were to find that this sub-factor weighs against a stay because the IPRs have not yet been instituted, "its weight is lessened" by the strength of the other factors. *Uniloc USA Inc v. LG Elecs. U.S.A. Inc.*, No. 18-cv-06737-JST, 2019 WL 1905161, at *17 (N.D. Cal. Apr. 29, 2019).

Regarding the final sub-factor, DivX and Hulu are not direct competitors. Hulu's primary business is its entertainment streaming service (*see* "ABOUT

---

[7] In addition, the final written decision for the petition filed by Unified Patents regarding the '651 patent and instituted by the PTAB last month is expected February 10, 2020. *See United Patents Inc. v. DivX,* LLC, IPR-2019-01379.
(footnote continued)

HULU," https://press.hulu.com/corporate/),[8] whereas DivX mainly provides consumer software and licenses to its technology (*see* "About DivX," https://www.divx.com/solutions/company-about-us). "The fact that the parties are not competitors weighs in favor of a stay as any harm from a stay can be addressed through damages." *TAS Energy*, 2014 WL 794215, at *5; *see Pi-Net Int'l*, 2013 WL 7158011, at *3 (observing that damages would be a sufficient remedy since the parties were not competitors). Because the patent owner and the accused infringer are not competitors, the patent owner "does not risk irreparable harm by defendants' continued use of the accused technology and can be fully restored to the status quo ante with monetary relief." *Software Rights Archive, LLC v. Facebook, Inc.*, No. C-12-3970 RMW, 2013 WL 522552, at *6 (N.D. Cal. Sept. 17, 2013).

Even if the parties *were* direct competitors (they are not), the patentee must show evidence that harm would not be compensable via money damages. *See Lodge*, slip op. at 8 (finding the prejudice factor weighed in favor of stay even though parties were direct competitors because plaintiff had not demonstrated insufficiency of money damages). Yet "damages adequate to compensate for Hulu's [alleged] infringement of the DivX Patents . . . in an amount . . . not less than a reasonable royalty" is precisely what DivX seeks. Dkt. 1 at 83. Indeed, DivX has not alleged to have been irreparably harmed by Hulu's alleged infringement, and has not requested issuance of an injunction, which shows "that monetary damages will adequately compensate Plaintiff" and "that a stay is appropriate."[9] *Autoalert, Inc.*, 2013 WL 8014977, at *3 (C.D. Cal. May 22, 2013) (quoting *Inogen, Inc. v. Inova Labs, Inc.*, No. SACV 11-1692-JST ANX, 2012 WL 4748803, at *3-4 (C.D. Cal. Mar. 20, 2012); *see Pulse Elecs., Inc. v. U.D. Elec. Corp.*, No. 3:18-cv-00373-BEN-WVG, 2018 U.S.

---

[8] In August 2011, Hulu also became the first streaming service to launch its own original programming. (*See* "Our Story," https://press.hulu.com/corporate/).

[9] Moreover, given that DivX has licensed its technologies to consumer electronics companies and "seeks fair compensation" from Hulu, it cannot plausibly claim that it would suffer non-compensable "harm."

- 12 -

Dist. LEXIS 212207, at *8 (S.D. Cal. Dec. 17, 2018) ("Failing to seek a preliminary injunction weighs against prejudice because it suggests that money damages would compensate any loss.").

In sum, given that at least three of four of the sub-factors weigh in favor of a stay, the Court should find no undue prejudice or tactical disadvantage to DivX.

## V. CONCLUSION

Because all three factors weigh in favor of a stay, and in light of the liberal policy in favor of granting stays pending the outcome of reexamination, Hulu respectfully requests that the Court stay this action pending the outcome of Hulu's IPR petitions.

| | | |
|---|---|---|
| 1 | | Respectfully submitted, |
| 2 | DATED: April 26, 2020 | By: /s/ *Jason F. Choy* |
| | | JASON F. CHOY (SBN 277583) |
| 3 | | Jason.Choy@wilmerhale.com |
| | | JAMES M. DOWD (SBN 259578) |
| 4 | | James.Dowd@wilmerhale.com |
| | | WILMER CUTLER PICKERING |
| 5 | |   HALE AND DORR LLP |
| | | 350 South Grand Avenue, Suite 2100 |
| 6 | | Los Angeles, CA 90071 |
| | | Telephone:     (213) 443-5300 |
| 7 | | Facsimile:      (213) 443-5400 |
| 8 | | MARY (MINDY) V. SOOTER (*pro hac vice*) |
| | | Mindy.Sooter@wilmerhale.com |
| 9 | | WILMER CUTLER PICKERING |
| | |   HALE AND DORR LLP |
| 10 | | 1225 Seventeenth Street, Suite 2600 |
| | | Denver, CO 80202 |
| 11 | | Telephone:     (720) 274-3135 |
| | | Facsimile:      (720) 274-3133 |
| 12 | | |
| 13 | | Attorneys for Defendant and Counterclaimant Hulu, LLC |