Matthew D. Powers (Bar No. 104795)
matthew.powers@tensegritylawgroup.com
TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
Telephone:   (650) 802-6000
Facsimile:   (650) 802-6001

David M. Stein, SBN 198256
dstein@brownrudnick.com
Brown Rudnick LLP
2211 Michelson Drive, 7th Floor
Irvine, CA 92612
Telephone: (949) 752-7100
Facsimile:  (949) 252-1514

*Attorneys for Plaintiff DivX, LLC*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIVX, LLC, a Delaware limited liability company,<br><br>　　　Plaintiff and Counterclaim-Defendant,<br><br>　　　v.<br><br>HULU, LLC, a Delaware limited liability company,<br><br>　　　Defendant and Counterclaimant. | **Case No. 2:19-cv-1606 PSG (DFMx) [Lead case]**<br>Case No. 2:21-cv-01615 PSG (DFMx)<br><br>**PLAINTIFF DIVX, LLC'S REPLY IN SUPPORT OF MOTION TO LIFT STAY AND REOPEN CASES**<br><br>Date:　February 25, 2022<br>Time:　1:30 pm<br>Ctrm:　6A<br>Judge:　Hon. Philip S. Gutierrez |

# TABLE OF CONTENTS

I.     INTRODUCTION ............................................................. 1

II.    ARGUMENT ................................................................... 1

    A.     The Stage Of The Litigation Supports Lifting The Stay ..................... 1

    B.     A Continued Stay Will Prejudice DivX ................................. 3

    C.     Continuing The Stay Will Not Simplify This Litigation ................... 6

        1.     Hulu's Appeals Will Not Simplify This Litigation.................. 6

        2.     *Hulu II* IPRs Will Not Simplify This Litigation ..................... 10

        3.     The Consolidation Of *Hulu I* And *II* Favors Lifting the Stay. 12

III.   CONCLUSION ............................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*Andrea Elec. Corp, v. Apple Inc.,*
    16-CV-5220, 2019 WL 3712120 (E.D.N.Y. Aug. 6, 2019) ........................................ 3

*Baxter Healthcare Corp., v. Becton, Dickinson and Company,*
    Case No. 3:17-cv-2186, 2021 WL 22553 (C.D. Cal. Jan. 4, 2021) ........................... 3

*Boston Scientific Corp. v. Cook Group Inc.,*
    No. 1:17-cv-03448-JRS-MJD, 2019 WL 2511162 (S.D. Ind. June 17, 2019) ........... 8

*Game and Tech. Co. v. Blizzard Entm't, Inc.,*
    No. CV 16-06499-BRO (SK), slip op. (C.D. Cal. Nov. 4, 2016) .............................. 3

*Game and Tech. v. Blizzard Entm't, Inc.,*
    No. CV 16-06499-BRO (SK), slip op.(C.D. Cal. May 15, 2017) ........................... 3, 4

*Ioengine, LLC v. PayPal Holdings, Inc.,*
    No. 18-452-WCB, 2019 WL 3943058 (D. Del. Aug. 21, 2019) ................................. 2

*Ioengine, LLC v. PayPal Holdings, Inc.,*
    No. 18-452-WCB, 2020 WL 6270776 (D. Del. Oct. 26, 2020) ........................ passim

*Jiaxing Super Lighting Electric Appliance Co., v. Maxlite, Inc.,*
    Case No. CV 19-4047 PSG (MAAx), 2020 WL 5079051 (C.D. Cal. June 17, 2020)
    ................................................................................................................... 10, 11

*Juno Therapeutics, Inc., v. Kite Pharma,*
    Case No. CV 17–07639 SJO (RAOx), 2018 WL 1470594 (C.D. Cal. Mar. 8, 2018)  7

*Magseis FF LLC, v. Seabed Geosolutions (US) Inc.,*
    Civil No. H-17-1458, 2020 WL 1429338 (S.D. Tex. Mar. 19, 2020).................... 3, 8

*Masterobjects, Inc. v. Ebay, Inc.,*
    No. 16-cv-06824-JSW, 2018 WL 11353751 (N.D. Cal. Nov. 7, 2018)..................... 5

*Network-1 Security Solutions., Inc. v. Alcatel-Lucent USA Inc.,*
    No. 6:11cv492, 2015 WL 11439060 (E.D. Tex. Jan. 5, 2015) ................................. 4

*Puget BioVentures, LLC v. Medical Device Business, Services Inc.,*
  No. 3:17-CV-503-JD-MGG, 2017 WL 6947786 (N.D. Ind. Sept. 22, 2017) ............ 8

*Willis Elec. Co. v. Polygroup Ltd.,*
  No. 15-cv-3443-WMW-KMM, 2018 WL 7690327 (D. Minn. Apr. 24, 2018) .......... 8

*Zoll Medical Corp., v. Respironics, Inc.,*
  C.A. No. 12-1775, 2015 WL 4126741 (D. Del. July 8, 2015) ................................ 2, 5

**Statutes and Regulations**
37 C.F.R. § 42.100(b) ................................................................................... 12

## I.   INTRODUCTION

Hulu's opposition reads as if it is routine to continue a stay based on Hulu's appeals from its IPR losses. The opposite is true. As Judge Bryson of the Federal Circuit sitting by designation held: "the case law concerning motions to extend stays pending Federal Circuit review of a PTAB decision in an IPR proceeding substantially favors lifting the stay." *Ioengine*, 2020 WL 6270776, at *4. A decade of experience with the appeals of PTAB decisions and Hulu's own failed IPRs lead to the inescapable conclusion that Hulu's appeals and the pending IPR petitions on only 2 of 12 patents have ***no*** reasonable likelihood of materially altering the scope or merits of this lawsuit. Hulu musters ***no case*** that actually supports extending this stay even further. DivX has already waited nearly two years, suffering prejudice that, contrary to Hulu's unsupported aspersions, is real, becomes greater with the lengthening delay, and which courts have found to be undue prejudice in similar circumstances. Hulu had its day at the PTAB. DivX is now entitled to have its day in Court.

## II.   ARGUMENT

### A.   The Stage Of The Litigation Supports Lifting The Stay

Hulu's discussion of the first stay factor, the stage of the proceedings, does not even address, much less respond to the authority that DivX cites in support of lifting the stay under that factor. DivX Br. at 6-9. Hulu buries its discussion of the legal issue regarding the stage of the proceedings behind false accusations about DivX's status as a company. Rather than address DivX's cases ***at all***, Hulu claims that "courts ***across the country*** have found the stage of proceedings weighs against lifting a stay pending appeal of IPR decisions"[1]—a proposition for which Hulu cites ***three*** cases, none of which supports a continued stay in the present case. Hulu Br. at 14. The phrase "across the country" was apparently carefully chosen—the three cases do literally span the geographic United States—but as Judge Bryson, sitting by designation and deciding to

---

[1] Emphasis added and internal quotation marks and citations omitted unless noted.

lift a stay that he himself had previously ordered, explains, "although district courts have, *from time to time*, granted motions to stay pending appeals from IPR decisions to the Federal Circuit, that practice has been *anything but 'routine'*" and "[i]n fact, *the great weight of the case law*, both in this district [Delaware] and elsewhere, *has been to the contrary*." *Ioengine*, 2020 WL 6270776, at *5; DivX Br. at 10. As Judge Bryson explains "the case law concerning motions to extend stays pending Federal Circuit review of a PTAB decision in an IPR proceeding substantially favors lifting the stay." 2020 WL 6270776, at *4. Hulu ignored Judge Bryson's opinion.

Hulu argues this factor weighs in favor of a stay, Hulu Br. at 12, but that is inconsistent with the cases DivX cites and Hulu ignores. Simply stated, even though the *facts* concerning the stage of the proceedings will not have changed after a lengthy stay, the way those facts weigh in the stay analysis after a lengthy stay most certainly *has* changed. Judge Bryson first explains that the stage-of-proceedings factor itself is "unchanged" after a lengthy stay and that "[t]he focus of the inquiry is *therefore* on the [other] factors." *Ioengine*, 2020 WL 6270776, at *2. Judge Bryson then recognizes how the same state of the proceedings that once weighed in favor of a stay now compounded the prejudice from further delaying matters by extending it. Judge Bryson quoted Judge Stark explaining that continuing the stay "would unduly prejudice [the patent holder] and unfairly advantage [the accused infringer] in part *by keeping this case at its relatively early stage* for perhaps up to another year, while the appeal is briefed and decided." *Id.*, at *6 (quoting *Zoll*, 2015 WL 4126741, at *1). *Compare with Ioengine*, 2019 WL 3943058, *4-5, *12 (D. Del. Aug. 21, 2019) (early stage of proceeding favored initial stay). Thus, the early stage of a case favors *lifting* the stay after the passage of time precisely because the fact that a case has not progressed compounds the harm the plaintiff suffers from not being able to enforce its rights. *Game and Technology*, which Hulu also ignored, validates the same reasoning. That court weighed the stage-of-proceedings factor *differently* based on the passage of time during the stay, at first finding "this factor weighs *in favor* of granting a stay," and

then, when lifting the stay, finding that "[o]verall, this factor is **neutral**." DivX Ex. 12, *Game and Tech. Co. v. Blizzard Entm't, Inc.*, No. CV 16-06499-BRO (SK), slip op. at 4 (C.D. Cal. Nov. 4, 2016) (O'Connell, J.); DivX Ex. 2, *Game and Tech.*, slip op. at 4. Hulu does not acknowledge or rebut any of this.

Hulu's three cases do not apply. *Andrea* was "stayed in its infancy" by statute within three months of filing with "no fact or expert discovery." 2019 WL 3712120, at *2. Hulu's other cases had no schedule when stayed. *Baxter*, 2021 WL 22553, at *2 ("[T]he Court has not yet issued a scheduling order, and the Court has not held an Early Neutral Evaluation Conference."); *Magseis*, 2020 WL 1429338, at *3 ("The case has not been scheduled for docket call, and no trial date has been set."). Here, trial was set, the Court decided substantive motions, discovery was ongoing, and claim construction was about to start. DivX Br. 5-6.

## B.   A Continued Stay Will Prejudice DivX

Hulu asks the Court to disregard DivX's operating business and the harm it will suffer by asserting without support that "DivX is not the operating company it implies it is" but "simply a patent monetization entity." Hulu Br. at 12. Hulu cites no source to rebut not **only** DivX's foundational role in the streaming video industry, **but also** DivX's ongoing operations. DivX Br. at 19-21. Hulu argues that DivX has changed hands—as many companies (including Hulu) do—and that DivX has somehow "blur[red] the lines." But the history described in DivX's opening brief and Complaint belongs to the Plaintiff DivX, and DivX succeeded to all relevant business interests, technology, and assets. DivX has a patent licensing business, but DivX is **not** just a patent licensing entity. DivX has a platform business. DivX licenses consumer electronics **technology** to consumer electronics companies, and DivX's software is in 1.5 billion devices. DivX Ex. 8 at 10, 15. Samsung recently renewed its license to support DivX video playback on its devices. DivX Ex. 10 at 10-14. DivX also has a thriving consumer software business, with over a billion downloads to date. DivX Ex. 10 at 12, Ex. 11 at 13. DivX remains focused on research and development, and is in

1   the process of launching its new mobile app for consumers. Ex. 13. DivX's revenue
2   currently funds all its activities.

3       Crucially in this analysis, even though Hulu falsely implies that DivX does not
4   own all the relevant business interests that DivX described in detail in its opening
5   brief, Hulu does *not* rebut that these business interests are actually being harmed.
6   Instead, Hulu essentially claims that if DivX does not compete directly against Hulu
7   then DivX cannot be harmed. Hulu Br. at 12. Judge Bryson expressly rejected this
8   argument: "undue prejudice to the nonmoving party . . . is stronger now than it was
9   when the stay was initially sought. . . . [A] *patentee has an interest in prompt*
10  *enforcement of its patent rights*. While that interest in the case of a non-practicing
11  entity is not typically as strong as it is for a competitor of the accused infringer, it is
12  nonetheless a factor that *must be afforded weight in the balance*." *Ioengine*, 2020 WL
13  6270776, at *3. Moreover, "further delay of the district court litigation would
14  exacerbate that prejudice" and "while the period of delay for an IPR is limited by
15  statute, there is no such limitation on the period required for Federal Circuit review."
16  *Id.* at *3. Further, "the prejudice to the patent owner is increased by a stay pending
17  appeal, because the period of delay pending a Federal Circuit appeal comes on top of
18  the delay resulting from the initial stay pending the IPR decision by the PTAB." *Id.* at
19  *6. As described above, DivX is an operating company. Even if the Court credited
20  Hulu's false claim that DivX is not an operating company, notwithstanding the record
21  to the contrary, other courts, including in this district, have found that "[a]lthough
22  Plaintiff is an NPE, *it still has an interest in protecting its property rights through the*
23  *courts* and reaching a timely resolution of the dispute. Considering that Plaintiff has
24  already waited for the PTAB to issue decisions on all of Defendant's requests for IPRs,
25  and that only one has been instituted for review, *an imposition of further delay does*
26  *not appear sufficiently warranted*." DivX Ex. 2, *Game and Tech.*, No. CV 16-06499-
27  BRO (SK), slip op. at 5; *see also Network-1*, 2015 WL 11439060, at *4-5 (E.D. Tex.
28  Jan. 5, 2015) (finding plaintiffs have an "interest in timely enforcement of a patent"

regardless if they "make or sell any product or services," "the additional delay that would be incurred by maintaining the stay pending exhaustion of appeals is considerable," and plaintiffs "would be ***unduly prejudiced*** by maintaining the stay until all appeals have been exhausted"); *ZOLL*, 2015 WL 4126741, at *1 ("Continuing the stay would ***unduly prejudice*** Zoll and ***unfairly advantage*** Respironics, in part by keeping this case at its relatively early stage for perhaps up to another year, while the appeal is briefed and decided.").

Hulu fails to rebut DivX's showing of prejudice. DivX's inability to enter licenses is prejudicial. *See Masterobjects*, 2018 WL 11353751 at *3-4 (plaintiff argued that "a delay of resolution in this case impairs its ability to license its intellectual property," and "allowing this case to proceed, even with the ongoing Federal Circuit appeal, decreases the likelihood of prolonged uncertainty with respect to the patent at issue"). This Court previously did not credit this when DivX only claimed the stay "***may*** impede DivX's licensing business." Dkt. 122 at 6 (emphasis in Order). This harm is no longer speculative. It is fact. DivX Br. at 14-15 & n.4. While Hulu mischaracterizes this issue by suggesting that DivX's consummated licenses mean there is no problem (Hulu Br. at 12-13), the reality is that DivX is able to consummate patent licenses in the consumer electronics field where DivX's litigations have been allowed to proceed and is not able to consummate licenses in the streaming video field where DivX's lawsuits against the two most significant infringers are on indefinite hold. DivX Br. at 21-22. This also shows why Hulu's injunction argument is misplaced. The stay forces DivX to choose whether to sue multiple other parties or forever lose the right to damages for infringement before the statutory cutoff. No injunction will solve this. Hulu's disrespect of DivX's patents threatens to proliferate lawsuits, not simplify them, and a continued stay causes DivX irreparable harm.

Hulu's claim that DivX waited to file this suit is irrelevant. First, in both *Hulu I* and *Hulu II,* DivX asserted several recently issued patents. *Hulu I*, Dkts. 59-06 at 1; 59-07 at 1 (two asserted patents issued in the year DivX filed the complaint); *Hulu II*,

Dkts. 1-1, 1-3, 1-4, 1-5 (all but one asserted patent issued in the two years preceding the complaint). Second, as explained above, as time passes, the prejudice grows. Hulu has added and continues to add to that delay, including recently when Hulu argued to extend the stay. Hulu told this Court it would file additional IPRs on *Hulu II* patents by the end of 2021. It did not file them and Hulu has now changed course, admitting it "does not plan to file petitions on additional patents asserted in *Hulu II*." Hulu Br. at 10. Hulu is now telling the Court the stay will last until March 2023 because this "would allow the parallel proceedings to play out." Hulu Br. at 13. But this too is not accurate. March 2023 lets the two new PTAB petitions themselves "play out" (if instituted) but not the appeals. If Hulu is implicitly stating it will not seek to extend the stay yet again for *those* appeals, then why not do the same thing now for this round of appeals? More likely, Hulu will change its story again and seek yet another extension of the stay pending appeal. The fact is that Hulu is dragging this out any way it can for as long as it can, and the prejudice to DivX is material and getting worse with time.

## C.    Continuing The Stay Will Not Simplify This Litigation

### 1.    Hulu's Appeals Will Not Simplify This Litigation

Hulu claims that DivX "downplays" the likelihood of its success on appeal but does not dispute or even respond to DivX's substantive legal and statistical analysis, showing Hulu's appeals are ***extremely unlikely*** to materially alter the comprehensive defeat Hulu suffered at the PTAB. Hulu Br. at 18; DivX Br. at 10-12; *Ioengine*, 2020 WL 6270776, at *7. Hulu has not even tried to show and ***cannot*** show that waiting for these appeals to complete in over a year is reasonably likely to result in any material simplification of this case and Hulu's cases do not support such a protracted stay in a case like this one. By far the most likely result of Hulu's appeals will be that this Court must still address the vast majority if not every one of the same issues as today.

Hulu does not respond to DivX's reliance on the *Ioengine* case where Judge Bryson explains why waiting for Federal Circuit appeals when the PTAB has already ruled does not make sense. DivX Br. at 10-11. Further, Judge Bryson explains while

"it is possible that a decision by the Federal Circuit could narrow the case even further; indeed, if the Federal Circuit were to reverse the portions of the PTAB's decisions upholding the validity of the three remaining claims, these cases would evaporate entirely. But as a statistical matter, the likelihood of that happening is low." *Ioengine*, 2020 WL 6270776, at *2. Hulu cites a single example of an appeal that vacated an FWD, but that does not show that any simplification of these proceedings is likely on appeal or that a stay is warranted. Hulu Br. at 18. Judge Bryson states that "[r]ecords of the outcomes of Federal Circuit dispositions in PTAB appeals indicate that the Federal Circuit has issued a full affirmance in more than 75% of appeals from the PTAB…. In order for a decision on appeal to end these cases altogether, the Federal Circuit would have to reverse the outcome in two separate IPR proceedings involving three separate claims. Purely as a matter of statistics, that outcome would be expected to occur no more than about six percent of the time." *Ioengine*, 2020 WL 6270776. at *3. The odds here are far more dire for Hulu because of the greater number of patents. Here, Hulu is seeking to overturn final determinations on not ***three*** claims in two patents as in *Ioengine* but ***twenty-one*** (***seven times as many***) asserted claims in five patents. The probability that Hulu will succeed at altering the result in any way on even ***one*** patent is less than 25%, and on two patents is less than 6%. The probability that it will do so for all five patents on appeal is less than a vanishingly small ***0.098%***, an event that would occur less than once in a thousand cases—a denominator that exceeds the number of IPR appeals that have ever happened. DivX Ex. 6 (864 IPR appeals). And even if Hulu is successful in all its appeals, there will still be eight *Hulu I* claims from four patents that were not challenged in IPR. DivX Exs. 1, 4. *See Juno*, 2018 WL 1470594, at *7 ("While it is true that the Federal Circuit's decision ***could potentially*** vacate the Board's decision and thereby alter the scope of Defendant's invalidity arguments, Kite ***has not established that this is likely***.").

Judge Bryson explained and Hulu does not address that "although district courts have, from time to time, granted motions to stay pending appeals from IPR decisions

to the Federal Circuit, that practice has been *anything but 'routine'*" and "[i]n fact, *the great weight of the case law*, both in this district [Delaware] and elsewhere, *has been to the contrary*." *Ioengine*, 2020 WL 6270776, at *5; DivX Br. at 10. Instead of addressing this reasoning, Hulu cites a handful of counterexamples. Hulu Br. at 17-18. Judge Bryson acknowledged that courts "from time to time" have granted motions to stay pending appeals and explained this was against prevailing practice. *Ioengine*, 2020 WL 6270776, at *4-5. As Judge Bryson states: "the case law concerning motions to extend stays pending Federal Circuit review of a PTAB decision in an IPR proceeding substantially favors lifting the stay." *Id.* at *4-5. Hulu has no rebuttal.

Hulu cites only three cases granting stays pending appeals, and none is analogous to ours. Hulu Br. at 17-18. *Puget BioVentures* involved an *Inter Partes* Reexam filed *years* before the complaint that invalidated some claims and an appeal filed less than two months after the complaint. 2017 WL 6947786, at *1. Staying a recently filed case pending appeal of an earlier proceeding is far different from staying a case pending almost three years after having already been stayed for 21 months. *Hulu I*, Dkts. 1, 122. *Boston Scientific* involved only four patents and Hulu identifies nothing showing the plaintiff had DivX's IPR success rate (here only one of thirty asserted claims was found unpatentable). *See* 2019 WL 2511162, at *1-2. *Willis* was unusual as the PTAB issued dissents and the plaintiff had agreed that the IPRs "will eliminate, reduce, and/or simplify the issues before the Court, thus saving the resources of the Court and the parties," none of which applies here. 2018 WL 7690327, at *1, *3.[2]

As regards the facts of this case, Hulu never says that reversal is likely on any of its appeals (and it is not likely as described above), much less does Hulu point to any specific ground on which it asks the Court to believe a reversal is likely on appeal.

---

[2] Hulu also cites *Magseis*, but apparently as related to the stage of the proceedings. Hulu Br. at 19. *Magseis* is also inapposite because the court found there were claim construction issues on appeal that "are the same" for all four asserted patents. *Magseis*, 2020 WL 1429338, at *2. Hulu has not and cannot argue that here.

Moreover, Hulu does not point to any specific explanation for how or why extending the stay will likely result in simplification of this case (regardless of the outcome of the appeal) as to ***any of its appeals***. And as to ***four out of five*** of the pending appeals Hulu does address their substance at all. *See* Hulu Br. at 15-16. Particularly when the Court already found this factor to be neutral for the *Hulu II* stay in its October order, the fact that Hulu has not even tried to muster a reasonable likelihood of simplification for the vast majority of the appeals weighs strongly in favor of lifting the stay. *Hulu II*, Dkt. 83 at 9-10. The only patent where Hulu has any allegations on the substance of the related appeal is the 651 Patent, but here too Hulu offers no account of why simplification is ***likely***. This too favors lifting the stay.[3]

Hulu argues that the Federal Circuit "will likely opine" on comparing the prior art to the claims and claim construction regardless of outcome. Hulu Br. at 18-19. Hulu points to nothing to show that is likely to occur or that this is likely to simplify any issue in the present case. The Federal Circuit does not even write an opinion in 59% percent of blanket post-grant affirmances. *See* DivX Ex. 6 (674 affirmances on every issue, 401 Rule 36 affirmances). If Hulu loses all five appeals, the Federal Circuit is likely to write on only two. *Id.* Hulu specifically identifies only two appeals (651 and 673) that even involve claim construction. This further reduces the odds that claim construction will be addressed. Hulu's proffer that the Federal Circuit's reasoning will somehow inform this Court's adjudication of the case is vague and unsubstantiated, with no explanation of what dispute in this Court the appeals will resolve or how the appeals will resolve such a dispute. Hulu's inability to identify any specific simplification confirms that a continued stay is not warranted. Hulu argues that the claim construction positions DivX took in the IPRs themselves support simplification, but this is even more vague and tangential. Hulu Br. at 6-7, 19. The IPR proceedings

---

[3] Regarding the 673 Patent, Hulu Br. at 16 n.15, there are no asserted claims from this case at issue in the IPR and therefore no asserted claims at issue on appeal.

are over and done, and their record says what it says. Hulu offers no explanation as to how claim construction positions taken in IPRs mean that the appeals are likely to simplify anything. Hulu offers no explanation for its claim that proceeding now "would result in duplicative work" or "contradictory rulings," Hulu Br. at 2, and that vague specter is no reason to extend the stay.

Finally, Hulu's claim that the Court should wait for the ITC to rule on only **two** out of five claims in **one patent** in a proceeding that does not bind this Court, as Hulu admits (Hulu Br. at 16), relates to a tiny part of the case and has no power to change it. It is not a basis to continue the stay.

## 2.   *Hulu II* IPRs Will Not Simplify This Litigation

Hulu told the Court in seeking to stay *Hulu II* that it would file the first IPR petition before that motion hearing. But it also represented that it "will be preparing multiple other petitions for filing thereafter" "before the end of 2021." *Hulu II*, Dkt. 66-1 at 19, 21. That was not true. Hulu has now confirmed it is not filing **any** more IPRs. *Hulu I*, Dkt. 145, at 10 ("Hulu does not plan to file petitions on additional patents asserted in *Hulu II* before the February 22, 2022 statutory deadline."). Only two out of five *Hulu II* patents are subject to IPR petitions, and neither can materially simplify the case. DivX Ex. 1. For one patent, Hulu stipulated that, if an IPR is instituted, it will not advance here any grounds that reasonably could have been raised in IPR, which Hulu stated would "***eliminat[e] any overlap*** between the IPR and the co-pending district court proceeding." DivX Br. at 15 (quoting Hulu stipulation). Hulu does not deny the effect of its stipulation. For the other, only one of four asserted claims was challenged. DivX Ex. 1. Eleven of twelve patents (91%) either have IPR proceedings that have resolved successfully for DivX or have asserted claims not subject to IPR petition. DivX Br. at 15-16. This Court has found that even 67% of patents not being subject to IPR was sufficient to deny a stay. *Jiaxing*, 2020 WL 5079051, at *3. A small number of IPR petitions should not stop the whole case.

Hulu claims that the *Hulu II* IPRs are "relevant to claim construction." Hulu Br.

at 19. Hulu has abandoned its previous simplification argument in seeking the stay—where it argued "***likely the majority*** of the patents may not need to move forward in litigation at all." *Hulu II*, Dkt. 66-1 at 19-20. This is an important concession. *Hulu II* petitions, even if instituted, would have a minimal effect. They will by no means "finally resolve all issues in the litigation." *Jiaxing*, 2020 WL 5079051, at *3. Second, Hulu fails to even allege there is a specific claim construction issue that a *Hulu II* IPR would simplify in the present case. This case was on the eve of claim construction when it was stayed, and if the stay is lifted, claim construction will occur well before FWDs on the two *Hulu II* patents even assuming those petitions are instituted. There is no reason this Court needs to wait.

Hulu's responses to DivX's seven reasons why the *Hulu II* IPRs will not simplify this case (Hulu Br. at 20-21) do not show that a stay is warranted for the following reasons. Hulu's response to Reason (1) does not address or dispute that DivX applied Hulu's own reasoning that the *Hulu I* IPRs were a signal of the results in *Hulu II* IPRs. DivX Br. at 13. When Hulu believed it would succeed in *Hulu I* IPRs, it predicted it would win in *Hulu II* IPRs. Now that Hulu lost the *Hulu I* IPRs, Hulu is contradicting the arguments it made to the Court in seeking the stay. Hulu's response to Reason (2) does not address DivX's actual argument. DivX argued in part that the 443 Patent (subject to *Hulu II* IPRs) should be allowed to proceed because its family member the 792 Patent successfully completed a *Hulu I* IPR.[4] DivX Br. at 13-14. Given the success of the 443 Patent's family member in IPR, the relationship between the patents is no basis to stay this case.[5] Hulu's response to Reason (4) identifies nothing that shows the Federal Circuit is likely to simplify this case and fails to address

---

[4] Hulu suggests that the IPR of the 443 Patent could affect the 792 Patent (Hulu Br. at 1), but identifies nothing showing how or why, and both the success of the 792 Patent in IPR and the IPR-based estoppel that applies to 792 Patent make that unlikely.

[5] Hulu's response to Reason (3) is addressed in the subsequent consolidation section. Hulu's response to Reason (6) is addressed above on page 10.

1    DivX's argument. Hulu identifies no inefficiency in proceeding with discovery on both
2    *Hulu I* and *Hulu II* patents now, and even if two *Hulu II* patents are eliminated in IPR,
3    that does not mean that staying the case will have materially simplified discovery.
4    Hulu's response to Reason (5) identifies nothing showing that its stipulation on the 443
5    Patent does not diminish the potential simplification of a stay. Hulu stipulated to be
6    bound by the terms of the estoppel at institution for the 443 Patent (DivX Br. at 15),
7    and so waiting another year for an FWD will not further simplify this case on this
8    patent. For Reason (7), given the small percentage of patents subject to IPRs, now that
9    Hulu has admitted that it is not filing any more IPRs, a stay would not be warranted
10    even if the IPRs were instituted, so there is no reason to wait.

### 3.    The Consolidation Of *Hulu I* And *II* Favors Lifting the Stay

12            Hulu argues that DivX "ignores" the consolidation of *Hulu I* and *II*. Hulu Br. at
13    18. But DivX addressed the consolidated case as a whole. DivX Br. at 13. Hulu also
14    argues that "*Hulu I* should not proceed alone." Hulu Br. at 21. Especially now that
15    Hulu has admitted it is not filing any more IPRs after all, if Hulu is right that the cases
16    should stay together, this means they should both proceed, not that they should both be
17    stayed. Otherwise two patents will halt the progress of a twelve-patent case for more
18    than another year after a nearly two-year stay. Hulu's argument that a common claim
19    construction hearing would be more efficient is a non-sequitur, as Hulu fails to identify
20    any common claim construction issues between *Hulu I* and any patent subject to IPR in
21    *Hulu II*. Moreover, even if there were overlap, this Court is well positioned to address
22    claim construction here and the PTAB will take this Court's opinions into account. 37
23    C.F.R. § 42.100(b). Lastly, although DivX believes the stay should be lifted on all
24    patents regardless of whether the pending IPR petitions on two *Hulu II* patents are
25    instituted, if the Court has concerns about the pending petitions, DivX would explore
26    not pursuing the two *Hulu II* patents here if the PTAB institutes IPRs.

## III.    CONCLUSION

28            DivX respectfully requests that the stay be lifted.

| | |
|---|---|
| 1 | Dated: February 11, 2022 | Respectfully submitted, |
| 2 | | |
| 3 | | /s/  Matthew D. Powers |
| | | Matthew D. Powers (Bar No. 104795) |
| 4 | | matthew.powers@tensegritylawgroup.com |
| | | Paul T. Ehrlich (Bar No. 228543) |
| 5 | | paul.ehrlich@tensegritylawgroup.com |
| 6 | | William P. Nelson (Bar No. 196091) |
| | | william.nelson@tensegritylawgroup.com |
| 7 | | Natasha M. Saputo (Bar No. 291151) |
| 8 | | natasha.saputo@tensegritylawgroup.com |
| | | TENSEGRITY LAW GROUP, LLP |
| 9 | | 555 Twin Dolphin Drive, Suite 650 |
| 10 | | Redwood Shores, CA 94065 |
| | | Telephone:   (650) 802-6000 |
| 11 | | Facsimile:    (650) 802-6001 |
| 12 | | DivX_Hulu_Service@tensegritylawgroup.com |

Dated: February 11, 2022

Respectfully submitted,

_/s/  Matthew D. Powers_

Matthew D. Powers (Bar No. 104795)
matthew.powers@tensegritylawgroup.com
Paul T. Ehrlich (Bar No. 228543)
paul.ehrlich@tensegritylawgroup.com
William P. Nelson (Bar No. 196091)
william.nelson@tensegritylawgroup.com
Natasha M. Saputo (Bar No. 291151)
natasha.saputo@tensegritylawgroup.com
TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
Telephone:   (650) 802-6000
Facsimile:    (650) 802-6001
DivX_Hulu_Service@tensegritylawgroup.com

Azra M. Hadzimehmedovic (Bar No. 239088)
azra@tensegritylawgroup.com
Aaron M. Nathan (Bar No. 251316)
aaron.nathan@tensegritylawgroup.com
Samantha A. Jameson (Bar No. 296411)
samantha.jameson@tensegritylawgroup.com
TENSEGRITY LAW GROUP, LLP
8260 Greensboro Drive, Suite 260
McLean, VA 22102
Telephone:   (703) 940-5033
Facsimile:    (650) 802-6001
DivX_Hulu_Service@tensegritylawgroup.com

David M. Stein, SBN 198256
dstein@brownrudnick.com
Brown Rudnick LLP
2211 Michelson Drive, 7th Floor
Irvine, CA 92612
Telephone:  (949) 752-7100
Facsimile:   (949) 252-1514

_Attorneys for Plaintiff_
_DivX, LLC_