MARY (MINDY) V. SOOTER
(*pro hac vice*)
Mindy.Sooter@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Telephone: (720) 274-3135
Facsimile: (720) 274-3133

JAMES M. DOWD (SBN 259578)
James.Dowd@wilmerhale.com
JASON F. CHOY (SBN 277583)
Jason.Choy@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400

Attorneys for Defendant and
Counterclaimant *Hulu, LLC*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIVX, LLC, a Delaware limited liability company,<br><br>　　　　　Plaintiff,<br>　vs.<br>HULU, LLC, a Delaware limited liability company,<br><br>　　　　　Defendant. | Case No. 2:19-cv-01606 PSG-DFM<br><br>**DEFENDANT HULU LLC'S RESPONSE TO DIVX, LLC'S NOTICES OF PTAB'S DECISIONS GRANTING AND DENYING INSTITUTION OF *INTER PARTES* REVIEW** |
| HULU, LLC, a Delaware limited liability company,<br><br>　　　　　Counterclaimant,<br>　vs.<br>DIVX, LLC, a Delaware limited liability company<br><br>　　　　　Counterclaim-Defendant. | |

Hulu, LLC ("Hulu") hereby responds to the arguments in DivX, LLC's notices of the PTAB's recent decisions granting and denying *inter partes* review ("IPR"). Dkt. 149 & Dkt. 151.

***First***, as summarized in Appendix A below, nine of the twelve patents-at-issue will still be directly or indirectly affected by ongoing, parallel proceedings. Those parallel proceedings include ITC Investigation No. 337-TA-1222, where the Initial Determination due March 29, 2022, is expected to address invalidity and claim construction for the '486 patent. *See* Dkt. 145 (Opp. To Mot. To Lift Stay) at 16-17.

***Second***, DivX's representation that it will not assert the '987 patent, which is subject to the newly instituted IPR proceedings, is misleading. That representation does not remove the '987 patent from these proceedings because Hulu has counterclaimed for declaratory judgments of non-infringement and invalidity of that patent. Case No. 2:21-cv-001615, Dkt. 62 (Answer to First Amended Complaint) at 60-61. Because DivX has not offered Hulu a covenant not to sue for infringement of the '987 patent, or even offered to dismiss its allegations with prejudice, Hulu's counterclaims remain live, and the '987 patent remains in this case. Moreover, the claim construction issues raised by the IPR of the '987 patent are likely to impact all asserted claims of the patent. *See* Dkt. 145 (Opp. To Mot. To Lift Stay) at 9-10, 21.

***Third***, subsequent to Hulu's opposition brief, DivX filed a notice of appeal of the PTAB's Final Written Decision ("FWD") invalidating 15 challenged claims of the '673 patent. *See* Ex. 1. Notably, DivX identified "[a]ny Board finding…related to the Final Written Decision and decided adversely to" DivX as an issue for appeal, which includes the PTAB's rejection of DivX's proposed construction of the term "synchronized frame decryption stream." *See* Dkt. 145 (Opp. To Mot. To Lift Stay) at 16, n. 15. The parties' briefing and the Federal Circuit's decision in that appeal will therefore likely address the construction of that term, which also appears in the only claim of the '673 patent asserted against Hulu. *See id.*

# Appendix A

| Case | Patent | Parallel Proceeding | Projected Conclusion |
|---|---|---|---|
| 1 | 7,295,673 | Federal Circuit Appeal No. 22-1481 | September 2023[1] |
| 1 | 8,139,651 | Federal Circuit Appeal No. 21-1931 | October 2022 |
| 1 | 8,472,792 | Federal Circuit Appeal No. 22-1138 | March 2023 |
| 1 | 9,270,720 | Federal Circuit Appeal No. 22-1203 | March 2023 |
| 1 | 9,998,515 | Federal Circuit Appeal No. 22-1204 | March 2023 |
| 1 | 10,212,486 | ITC Investigation No. 337-TA-1222 | July 2022[2] |
| 1 | 10,225,588 | Federal Circuit Appeal No. 22-1083 | February 2023 |
| 2 | 10,542,061 | Related to '720 and '515 patents subject to Federal Circuit appeals | March 2023[3] |
| 2 | 10,326,987 | IPR2021-01476 (Instituted) | March 2023[4] |

---

[1] Projected conclusion dates for appeals are based on an average of 18 months between FWD and appellate decision. *See* Dkt 144-1 (MPA ISO DivX Mot. To Lift Stay) at 11 (citing the Federal Circuit's report regarding "Median Disposition Time for Cases Terminated After Hearing or Submission").

[2] Target Date for the Final Determination in ITC Investigation No. 337-TA-1222. Ex. 6, ITC Investigation No. 337-TA-1222, Order No. 71 (Initial Determination Extending The Target Date)

[3] Projected date for decision in '720 and '515 Federal Circuit appeals.

[4] Based on 12 months from the March 17, 2022 Institution Decision.

|     |                          |                                                               |
|-----|--------------------------|---------------------------------------------------------------|
| 1   |                          | Respectfully submitted,                                       |
| 2   | DATED: March 17, 2022    | By: /s/ *Mindy V. Sooter*                                     |

MARY (MINDY) V. SOOTER (*pro hac vice*)
Mindy.Sooter@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Telephone:   (720) 274-3135
Facsimile:   (720) 274-3133

JAMES M. DOWD (SBN 259578)
James.Dowd@wilmerhale.com
JASON F. CHOY (SBN 277583)
Jason.Choy@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone:   (213) 443-5300
Facsimile:   (213) 443-5400

Attorneys for Defendant and Counterclaimant
Hulu, LLC