Matthew D. Powers (Bar No. 104795)
matthew.powers@tensegritylawgroup.com
TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
Telephone: (650) 802-6000
Facsimile: (650) 802-6001

David M. Stein, SBN 198256
dstein@brownrudnick.com
Brown Rudnick LLP
2211 Michelson Drive, 7th Floor
Irvine, CA 92612
Telephone: (949) 752-7100
Facsimile: (949) 252-1514

*Attorneys for Plaintiff DivX, LLC*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DIVX, LLC, a Delaware limited liability company,<br><br>      Plaintiff and Counterclaim-Defendant,<br><br>      v.<br><br>HULU, LLC, a Delaware limited liability company,<br><br>      Defendant and Counterclaimant. | **Case No. 2:19-cv-1606 PSG (DFMx) [Lead case]**<br>Case No. 2:21-cv-1615 PSG (DFMx)<br><br>**PLAINTIFF DIVX, LLC'S RESPONSE TO HULU'S SUBMISSION, DKT. NO. 152** |

1   Hulu's argumentative response to DivX's factual notices about the status of the
2   IPR petitions (*Hulu I,* Dkt. Nos. 149, 151; *Hulu II*, Dkt. Nos. 97, 99) is not accurate. If
3   the Court is inclined to consider Hulu's arguments, DivX hereby seeks leave to respond.

4   For the only patent in *Hulu II* that was accepted for *inter partes* review, DivX has
5   agreed to dismiss that patent with prejudice and will provide a covenant not to sue. This
6   divests the Court of jurisdiction and eliminates any basis to continue a stay based on the
7   987 Patent. *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059 (Fed.
8   Cir. 1995); *Credit Acceptance Corp. v. Westlake Servs.*, No. CV 13-01523 SJO
9   (MRWx), 2015 U.S. Dist. LEXIS 188210, at *8-*11 (C.D. Cal. Aug. 24, 2015). This
10  Court previously has not required a finalized dismissal and has instead rejected the
11  argument that an offer to withdraw claims subject to IPR is insufficient without
12  dismissal. *See Jiaxing Super Lighting Elec. Appliance Co. v. Maxlite, Inc.*, No. CV 19-
13  4047 PSG (MAAx), 2020 WL 5079051, at *3 (C.D. Cal. June 17, 2020) (case cited in
14  DivX's briefs at *Hulu I*, Dkt. No. 144-1 at 5, 16, 18-19; and *Hulu I*, Dkt. No. 146 at 10-
15  11; *Hulu II*, Dkt. No. 92-1 at 5, 16, 18-19; and *Hulu II*, Dkt. No. 94 at 10-11) ("Plaintiffs'
16  pledge to abstain from asserting any claims subject to an IPR further persuades the Court
17  that this factor does not favor a stay."). The same logic applies here. Within hours of
18  the IPR proceeding being instituted on the 987 Patent, DivX agreed to abstain from
19  asserting any claims of the 987 Patent. DivX thus removed one of the primary arguments
20  of Hulu's opposition to lifting the stay, so the stay should be lifted.

21  Hulu's argument regarding the recently filed appeal of the U.S. Patent No.
22  7,295,673 (the "673 Patent") likewise does not provide a reason to continue this lengthy
23  stay. Hulu chose not to challenge the one and only asserted claim of the 673 Patent,
24  Claim 29, in IPRs. Hulu identifies one single overlapping term for claim construction
25  that may be addressed on appeal, but Hulu does not show how the alteration of that
26  construction for different claims of the 673 Patent on appeal could affect validity or
27  infringement of the claim asserted against Hulu. *See Hulu I*, Dkt. 146 at 9-10; *Hulu II*,
28  Dkt. 94 at 9-10. In any event, the mere possibility the Federal Circuit will alter a

construction of one claim term in one of eleven patents is not a reason to continue the stay and does not meaningfully increase the miniscule probability that the cumulative sum of all decisions by the Federal Circuit will materially alter the scope, complexity, or merits of this case.

Hulu's other arguments are largely recycled from Hulu's prior briefing. But the fact remains - Hulu has not cited a single case with DivX's IPR success rate on the eleven asserted patents (where only one of thirty asserted *Hulu I* claims was found unpatentable, and only a single IPR was even instituted on the five asserted *Hulu II* patents) where the Court then continued a two-year stay for another year of delay based on speculation that the Court might glean additional insight from the Federal Circuit or the International Trade Commission. *See Hulu I* Dkt. 146 at 6-7, 8 & n. 2, 10, 12; *Hulu II*, Dkt. 94 at 6-7, 8 & n. 2, 10, 12. The denial of institution of the *Hulu II* IPR petitions, coupled with DivX's dismissal of the 987 Patent, further shows why the stay should be lifted.

Dated: March 20, 2022              Respectfully submitted,

       /s/ Matthew D. Powers
Matthew D. Powers (Bar No. 104795)
matthew.powers@tensegritylawgroup.com
Paul T. Ehrlich (Bar No. 228543)
paul.ehrlich@tensegritylawgroup.com
William P. Nelson (Bar No. 196091)
william.nelson@tensegritylawgroup.com
Natasha M. Saputo (Bar No. 291151)
natasha.saputo@tensegritylawgroup.com
Jerome Ma (Bar No. 335129)
jerome.ma@tensegritylawgroup.com
TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
Telephone:  (650) 802-6000
Facsimile:  (650) 802-6001
DivX_Hulu_Service@tensegritylawgroup.com

Azra M. Hadzimehmedovic (Bar No. 239088)
azra@tensegritylawgroup.com
Aaron M. Nathan (Bar No. 251316)
aaron.nathan@tensegritylawgroup.com
Samantha A. Jameson (Bar No. 296411)
samantha.jameson@tensegritylawgroup.com
TENSEGRITY LAW GROUP, LLP
8260 Greensboro Drive, Suite 260
McLean, VA 22102
Telephone:  (703) 940-5033
Facsimile:   (650) 802-6001
DivX_Hulu_Service@tensegritylawgroup.com

David M. Stein, SBN 198256
dstein@brownrudnick.com
Brown Rudnick LLP
2211 Michelson Drive, 7th Floor
Irvine, CA 92612
Telephone:  (949) 752-7100
Facsimile:   (949) 252-1514

*Attorneys for Plaintiff*
*DivX, LLC*